FILED
IN OPEN COURT

APR - 9 2019

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:19cr40 |
| | ) | |
| v. | ) | 18 U.S.C. § 1001 |
| | ) | Documents Containing False Statements in a |
| JOSEPH W. POWELL, | ) | Matter Within Jurisdiction of Agency of |
| | ) | the United States |
| Defendant. | ) | (Counts 1-12) |

## INDICTMENT

April 2019 Term – at Newport News, Virginia

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Newport News Shipbuilding ("NNS"), a division of Huntington Ingalls Industries ("HII"), manufactures submarines and other ships for the United States Navy in the Newport News Shipyard in the Commonwealth of Virginia, within the Eastern District of Virginia.

2. To ensure that all of the welds on these vessels are free of defects and otherwise compliant with U.S. Military Specifications ("MilSPECs"), NNS has a separate and distinct department, known as Code 038, responsible for inspecting welds. These inspections are a critical last step to identify and correct welding issues before vessels are finalized for delivery to the Department of Defense.

3. Weld joints connect two or more pieces of metal. Magnetic Particle Testing ("MT"), one of several methods employed by Non-Destructive Test ("NDT") Inspectors in Code 038, is a process for detecting surface and shallow subsurface flaws such as cracks in weld joints. Another such method is Eddy Current Test ("ET").

1

4. If weld joints are welded improperly, they can fail. Indeed, the United States Navy instituted a quality control system, the Submarine Safety Program ("SUBSAFE"), as a result of the loss of the USS Thresher ("SSN-593") during a deep sea test dive in 1963. The SUBSAFE program was designed to provide maximum reasonable assurance of watertight integrity and recovery capability for submarines.

5. To track and ensure quality control with inspections, NDT Inspectors in Code 038 certify their MT and ET inspections using NNS's Electronic Record System ("ERS"). The ERS is the electronic system used by NNS that records and captures certain work in progress within the shipyard related to among other things, NDT inspections. ERS falls within the jurisdiction of the United States Navy and the Department of Defense, both executive branch agencies of the United States.

6. The electronic certification process on ERS is a standard procedure and it becomes the permanent inspection record of a particular weld joint. Additionally, after performing an MT inspection, in accordance with NNS policy Q-1060.5, inspectors are required to notate on approved welds, "MT OK," their personnel number (PERN), name, and the date of the inspection on the weld joint itself.

THE FALSE STATEMENTS

7. In or about November 2012, JOSEPH W. POWELL, the defendant herein, was hired by NNS to be an NDT Inspector in Code 038, in Newport News, Virginia. While employed by NNS, the defendant's personnel number ("PERN") was N00082133. As an NDT Inspector, the defendant performed MT and ET inspections on vessels such as Virginia Class Submarines and Aircraft Carriers.

8. The defendant had extensive training on and familiarity with the proper protocol for MT and ET inspections. He received his Level II MT inspection certification in February 2013 and ET certification in 2014. The defendant also coached and helped train new NDT inspectors in Code 038, served on the Continuous Improvement Team for Code 038, and was awarded multiple Model of Excellence Awards for his work on the team.

9. In or about 2015 and 2016, Code 038 had a vacant foreman position. The defendant was selected to serve as the acting ("make-up") supervisor for Code 038 from in or about May 2015 to August 2015, and from in or about January 2016 to April 2016. The defendant was also a candidate to fill the vacant foreman position in Code 038.

10. In or about June 1, 2016, NNS received information that the defendant appeared to have certified the MT inspection of a weld joint JH008-1, Hull 792, in ERS without conducting the requisite inspection protocol. The weld joint did not have the mandatory physical notations on the weld joint itself – namely, "MT OK," the inspector's name, PERN and the date of the inspection. The weld joint also did not have MT powder or yoke marks – residue left on the weld joint by the inspection equipment. According to ERS, however, the defendant had certified that he inspected the weld joint.

11. Various welds certified by the defendant in ERS subsequently were investigated by NNS in June 2016, which led to the identification of additional welds that were not in acceptable condition for inspection, did not contain the required physical markings indicating an inspection had been completed, nor had residue or powder on or around the job from the inspection equipment. One particular weld joint, SEA20-1 was a SUBSAFE weld joint found to contain two linear indications that would have caused the weld to be rejected.

12. Based on the findings of NNS's initial investigation in June 2016, NNS undertook an extensive re-inspection process of weld joints previously certified by the defendant in ERS in order to determine a "bounding period." That is, NNS investigated how far back to go in its re-inspection efforts in order to ensure no adverse impact remained on vessels delivered to the Department of Defense. NNS inspection personnel and management determined the "bounding period" to be from December 10, 2015 to June 1, 2016, on a total of eight submarines and one Aircraft Carrier – all of which were under manufacture or repair by NNS for the United States Navy and Department of Defense.

13. Numerous NDT weld joints certified by the defendant in ERS were re-inspected. The re-inspections revealed that a number of weld joints previously certified by the defendant as being satisfactory were, in fact, unsatisfactory, as these weld joints contained indications or defects subject to rejection, and specifically required repair by a welder.

14. The re-inspections also revealed a number of weld joints that had been previously certified by the defendant as satisfactory had indications or defects in the weld joint requiring additional processes in order to bring the weld within required tolerances for specification.

## COUNTS ONE THROUGH TWELVE

THE GRAND JURY CHARGES THAT:

1.  The factual allegations contained in the General Allegations are incorporated by reference herein as if set out in full below.

2.  On or about the dates and in connection with the statements described below, in the Eastern District of Virginia and elsewhere, JOSEPH W. POWELL, the defendant herein, as described in the General Allegations above and incorporated herein by reference, did willfully and knowingly make and cause to be made, and use and cause to be used, in a matter within the jurisdiction of a department or agency of the United States, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement, to wit: The defendant knowingly made false statements in a matter within the jurisdiction of the United States Navy and the United States Department of Defense when he logged into Newport News Shipbuilding's (NNS) Electronic Record System (ERS) using his NNS employee identification badge and secure password, and entered the weld record for the following joint numbers, when in fact he had not completed the mandatory inspections of the weld joints.

| Count | Date (on or about) | Description of False Statement |
|---|---|---|
| 1 | December 16, 2015 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J0094 was satisfactory, when in fact he had not inspected it. |
| 2 | December 17, 2015 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J0254 was satisfactory, when in fact he had not inspected it. |
| 3 | December 17, 2015 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure |

5

| | | |
|---|---|---|
| | | password, that Joint J0253 was satisfactory, when in fact he had not inspected it. |
| 4 | April 7, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J2010 was satisfactory, when in fact he had not inspected it. |
| 5 | May 2, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint JH008-1 was satisfactory, when in fact he had not inspected it. |
| 6 | May 19, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint JERA42-1 was satisfactory, when in fact he had not inspected it. |
| 7 | May 26, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J0608 was satisfactory, when in fact he had not inspected it. |
| 8 | May 26, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J0617 was satisfactory, when in fact he had not inspected it. |
| 9 | May 26, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J0618 was satisfactory, when in fact he had not inspected it. |
| 10 | May 31, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J0750 was satisfactory, when in fact he had not inspected it. |
| 11 | May 31, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint J0736 was satisfactory, when in fact he had not inspected it. |
| 12 | June 1, 2016 | Defendant knowingly made false statements in ERS, using his NNS employee identification badge and secure password, that Joint SEA20-1 was satisfactory, when in fact he had not inspected it. |

(In violation of Title 18, United States Code, Section 1001.)

UNITED STATES v. JOSEPH W. POWELL, 4:19cr___

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

_____
FOREPERSON

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
Brian J. Samuels
Assistant United States Attorney
Virginia State Bar No. 65898
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel: (757) 591-4000
Fax: (757) 591-0866

By: _____
David M. Coleman
Assistant United States Attorney
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel: (757) 591-4000
Fax: (757) 591-0866